FILED BY _____ D.C.

05 DEC -9 PM 4: 26

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

THOMAS & BETTS CORPORATION and
THOMAS & BETTS INTERNATIONAL, INC.,

    Plaintiffs/Cross- and Counter-Defendants,

v.

HUBBELL INCORPORATED,

    Defendant/Cross- and Counter-Plaintiff.

Civil Action No. 05-2267 DP

## STIPULATION AND ORDER GOVERNING THE
## PROTECTION AND EXCHANGE OF CONFIDENTIAL MATERIAL

IT IS HEREBY STIPULATED AND AGREED, pursuant to Federal Rule of Civil Procedure 26(c), by and between counsel for the parties, that this Stipulation and Order shall govern the handling of any information produced or disclosed by any party or nonparty ("the Producing Party") in this Action including documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admission, and pretrial and trial testimony (such information shall hereinafter be referred to as "Discovery Material").

1.    Any Producing Party may designate any Discovery Material as "Confidential" ("Confidential Discovery Material") under the terms of this Stipulation and Order if such party in good faith believes that such Discovery Material contains nonpublic confidential, proprietary, commercially sensitive, or trade secret information.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 12/13/05

2. Any Producing Party may designate any Discovery Material as "Highly Confidential -- Outside Counsel of Record Only" ("Highly Confidential Discovery Material") under the terms of this Stipulation and Order if such Discovery Material contains "Confidential" information relating to business or marketing plans; financial information; proprietary designs and products currently in development.

3. Confidential and Highly Confidential Discovery Material and information derived therefrom shall be used by the party receiving it ("the Receiving Party") solely for purposes of this Action and shall not be used for any other purpose, including, without limitation, any business, proprietary, commercial or governmental purpose.

4. The designation of Discovery Material as "Confidential" or "Highly Confidential -- Outside Counsel of Record Only" for purposes of this Stipulation and Order shall be made in the following manner by the Producing Party:

    a. In the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony) by affixing the legend "Confidential" to each page containing any Confidential Discovery Material and affixing the legend "Highly Confidential -- Outside Counsel of Record Only" or "Confidential Attorneys Eyes Only" to each page containing Highly Confidential Discovery Material. In the case of documents being made available for inspection, designation shall be made by written notice before or within ten (10) business days after the time of inspection.

    b. In the case of depositions (i) by a statement on the record, by counsel, during such deposition that such testimony shall be treated as Confidential or Highly Confidential Discovery Material; or (ii) by written notice, sent by counsel to all parties within

thirty (30) business days after receiving a copy of the transcript thereof. In both of the foregoing instances, counsel for the Producing Party shall be responsible for arranging to have appropriate confidentiality legends affixed to all portions of the original and all copies of the transcript containing Confidential or Highly Confidential Discovery Material. The parties shall treat all depositions as Highly Confidential Discovery Material until 30 business days after receiving a copy of the transcript thereof. After 30 business days, only those portions of any transcript designated as "Confidential" shall be deemed Confidential Discovery Material, and only those portions of any transcript designated as "Highly Confidential -- Outside Counsel of Record Only" or "Confidential Attorneys Eyes Only" shall be deemed Highly Confidential Discovery Material. The parties may modify this procedure for any particular deposition through agreement on the record at such deposition or otherwise by written stipulation, without further order of the Court.

    c. In the case of information obtained during an inspection of premises or things, by written notice, sent by counsel to all parties before or within ten (10) business days after the time of inspection. Counsel for the inspecting party shall be responsible for arranging to have the appropriate confidentiality legend affixed to all drawings, photographs, videotapes, things, or other documents and copies or portions thereof made at or as a result of the inspection which reflect or refer to Confidential or Highly Confidential Discovery Material observed or obtained during the inspection. The parties may modify this procedure for any particular inspection, deposition or proceeding, through agreement by written stipulation, without further order of the Court.

5. Discovery Material designated "Confidential" may be disclosed, summarized, described, or otherwise communicated or made available in whole or in part only to the following:

    a. the parties' outside counsel of record in this Action and other attorneys in the firms thereof, the parties' in-house counsel and regular and temporary paralegal or clerical employees of outside counsel necessary to assist in the conduct of this Action for use in accordance with this Stipulation and Order;

    b. the Court, pursuant to paragraph 9 of this Stipulation and Order;

    c. court reporters employed in connection with this Action, subject to and conditioned upon compliance with subparagraph 7(b) of this Stipulation and Order;

    d. experts or consultants ("Consultants") and their staff, other than those employed by or who are officers or directors of a party or who have financial or ownership interests in the patents in suit, necessary to assist counsel described in subparagraph 5(a) above with the preparation or trial of this Action, subject to and conditioned upon compliance by such Consultant with subparagraph 7(a) of this Stipulation and Order;

    e. graphics or design services retained by outside counsel of record described in subparagraph 5(a) above for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this Action, subject to and conditioned upon compliance with subparagraph 7(b) of this Stipulation and Order;

    f. non-technical jury or trial consulting services retained by outside counsel of record described in subparagraph 5(a) above, subject to and conditioned upon compliance with subparagraph 7(b) of this Stipulation and Order;

    g.  photocopy, document imaging and database services retained by outside counsel of record described in Paragraph 5(a) above and consultants retained by outside counsel of record to set up, maintain and/or operate computer systems, litigation databases or convert data for inclusion in such databases, subject to and conditioned upon compliance with subparagraph 7(b) of this Stipulation and Order;

    h.  any other person only upon order of the Court or upon written stipulation of the Producing Party;

    i.  up to three (3) designated legal or business or technical representatives of a party ("Legal or Business or Technical Representatives") who are necessary to assist counsel described in subparagraph 5(a) above with the preparation or trial of this Action, subject to and conditioned upon compliance by such Legal or Business or Technical Representatives with subparagraph 7(a) of this Stipulation and Order.

  Every person given access to Confidential Discovery Material or information contained therein shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed or used other than in accordance with this Stipulation and Order.

  6.  Discovery Material designated "Highly Confidential -- Outside Counsel of Record Only" may be disclosed, summarized, described, or otherwise communicated or made available in whole or in part only to those people who are qualified to receive Confidential Discovery Material under subparagraphs 5(a) - 5(h) above and 7(a) or 7(b) below except that no employee, officer or director of a party or any entity having financial or ownership interests in the patents-in-suit may receive Highly Confidential Discovery Material.

5

7. a. All persons listed in subparagraph 5(d) and 5(i) above may be given access to Confidential Discovery Material and those persons qualified under paragraph 6 above may be given access to Highly Confidential Discovery Material provided that said person has previously been approved for access to Confidential Discovery Material. The procedure for having the persons listed in subparagraphs 5(d) and 5(i) (the "Recipient") approved for access to Confidential Discovery Material shall be as follows:

(1) The party seeking approval shall provide all parties with a current resume or curriculum vitae of the proposed Recipient and a signed copy of Exhibit A hereto confirming the Recipient's understanding and agreement to abide by the terms of this Stipulation and Order;

(2) Within ten (10) business days after receipt of the materials described in subparagraph (1), any party may object in writing to the Recipient having access to the Producing Party's Confidential Discovery Material. Failure to object during such period shall be deemed approval. If the parties are unable to reach agreement within fifteen (15) business days after receipt of the materials described in subparagraph (1), the party seeking to disclose to a Recipient may file a motion for an Order that access to Confidential Discovery Material be granted to the Recipient.

b. All persons or entities listed in subparagraphs 5(c), 5(e), 5(f) and 5(g) above may be given access to Confidential Discovery Material provided that said person or entity has previously been approved for access to Confidential Discovery Material. The procedure for having any person or entity listed in subparagraphs 5(c), 5(e), 5(f) or 5(g) approved for access to Confidential Discovery Material shall be as follows:

(1) The party seeking approval shall provide all parties with a copy of Exhibit A hereto signed by the person or representative of the entity confirming said person's or entity's understanding and agreement to abide by the terms of this Stipulation and Order;

(2) Within ten (10) business days after receipt of the materials described in subparagraph (1), any party may object in writing to the person or entity having access to the Producing Party's Confidential Discovery Material. Failure to object during such period shall be deemed approval. If the parties are unable to reach agreement within fifteen (15) business days after receipt of the materials described in subparagraph (1), the party seeking disclosure may file a motion for an Order that access to Confidential Discovery Material be granted.

8. This Stipulation shall not be construed to prevent examination of any person as a witness at trial or during a deposition concerning any Confidential or Highly Confidential Discovery Material which that person had lawfully received prior to and apart from this lawsuit. During examination, any such witness may be shown Confidential or Highly Confidential Discovery Material of a Producing Party which appears on its face or from other documents or testimony to have been lawfully previously received by that witness or communicated to that witness. During the deposition of a nonparty witness, the witness may be shown Confidential or Highly Confidential Discovery Material subject to and conditioned upon compliance with subparagraphs 7(a) and 7(b) of this Stipulation and Order.

9. All documents of any nature, including briefs, which have been designated as "Confidential" or "Highly Confidential -Outside Counsel of Record Only" or which contain Confidential or Highly Confidential Discovery Material, which are filed with the Court shall be filed under seal in sealed envelopes marked with the title of the Action, the title of the paper

7

which contains the Confidential or Highly Confidential Discovery Material, and a statement substantially in the following form:

> CONFIDENTIAL [or HIGHLY CONFIDENTIAL --OUTSIDE COUNSEL OF RECORD ONLY as the case may be] UNDER PROTECTIVE ORDER
>
> FILED PURSUANT TO A PROTECTIVE ORDER DATED _____, 2005 GOVERNING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION OBTAINED DURING THE COURSE OF THIS LITIGATION.
>
> THIS ENVELOPE IS NOT TO BE OPENED NOR ARE THE CONTENTS THEREOF TO BE DISPLAYED OR REVEALED EXCEPT BY OR TO QUALIFIED PERSONS OR BY COURT ORDER.

10. Entering into, agreeing to and/or producing or receiving Confidential or Highly Confidential Discovery Material or otherwise complying with the terms of this Stipulation and Order shall not:

   a. operate as an admission by any party that any particular Confidential or Highly Confidential Discovery Material contains or reflects trade secrets, proprietary or commercially sensitive information or any other type of confidential information;

   b. operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential or Highly Confidential Discovery Material;

   c. prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

d. prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Stipulation and Order;

e. prejudice in any way the rights of a party to seek determination by the Court whether any Discovery Material should or should not be subject to the terms of this Stipulation and Order;

f. prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

g. prevent the parties to this Stipulation and Order from agreeing in writing or on the record during a deposition or hearing in this Action to alter or waive the provisions or projections provided for herein with respect to any particular Discovery Material.

11. This Stipulation and Order has no effect upon, and shall not apply to, a party's use or disclosure of its own Confidential or Highly Confidential Discovery Material for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a Receiving Party of documents, materials or information designated as Confidential or Highly Confidential Discovery Material obtained lawfully by such party independently of any proceedings in this Action, or which:

a. was already known to the Receiving Party by lawful means prior to acquisition from, or disclosure by, the other party in this Action; or

b. is or becomes publicly known through no fault or act of the Receiving Party or

c.  is rightfully received by the Receiving Party from a third party which has authority to provide such Confidential or Highly Confidential Discovery Material and without restriction as to disclosure.

12.  In the event additional parties join or are joined in this Action, they shall not have access to Confidential or Highly Confidential Discovery Material until the newly-joined party or its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Stipulation and Order or an alternative protective order which is satisfactory to all parties and the Court.

13.  It is the present intention of the parties that the provisions of this Stipulation and Order shall govern discovery and other pretrial and trial proceedings in this Action. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Stipulation and Order by application to the Court on notice to the other parties hereto for good cause.

14.  The parties agree to be bound by the terms of this Stipulation and Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation and Order had been entered by the Court.

15.  The provisions of this Stipulation and Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this Action, including, without limitation, any appeals therefrom. Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of this Action, including any appeals therefrom, all persons having received Confidential or Highly Confidential Discovery Material shall destroy or return to outside counsel of record for the Producing Party such material and all copies thereof (including summaries and excerpts).

Counsel shall make reasonable efforts so that any Consultants it has retained abide by this provision. Outside counsel of record shall provide a certification that all Confidential or Highly Confidential Discovery Material has been destroyed or returned pursuant to this paragraph. Outside counsel of record described in subparagraph 5(a) above shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including court papers, transcripts, and attorney work product that contain Confidential or Highly Confidential Discovery Material) provided that such counsel, and employees of such counsel, shall not disclose any Confidential or Highly Confidential Discovery Material contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the Producing Party. All material returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

16. During the pendency of this Action, any party objecting to the designation of any Discovery Material or testimony as Confidential or Highly Confidential Discovery Material may, after making a good faith effort to resolve any such objection, move for an order vacating the designation. While such an application is pending, the Discovery Material or testimony in question shall be treated as it has been designated, either Confidential or Highly Confidential Discovery Material, pursuant to this Stipulation and Order. The provisions of this Stipulation and Order are not intended to shift the burden of establishing confidentiality.

17. In the event that any Confidential or Highly Confidential Discovery Material is used in any court proceeding in this Action or any appeal therefrom, said Confidential or Highly Confidential Discovery Material shall not lose its status as Confidential or Highly Confidential Discovery Material through such use. Counsel shall confer with the Court on such procedures as

are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings.

18. If any Receiving Party (a) is subpoenaed in another action, or (b) is served with a demand in another action to which it is a party, or (c) is served with any legal process by one not a party to this Action, seeking Discovery Material which was produced or designated as "Confidential" or "Highly Confidential -Outside Counsel of Record Only" or the like by someone other than the Receiving Party, the Receiving Party shall give prompt actual written notice, by hand or facsimile transmission, within five business days of receipt of such subpoena, demand or legal process, to the Producing Party and shall object to its production to the extent permitted by law. Should the person seeking access to the Confidential or Highly Confidential Discovery Material take action against the Receiving Party or anyone else covered by this Stipulation and Order to enforce such a subpoena, demand or other legal process, the Receiving Party shall respond by setting forth the existence of this Stipulation and Order. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of Confidential or Highly Confidential Discovery Material covered by this Stipulation and Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

19. Nothing herein shall bar or otherwise restrict an attorney who is a qualified recipient of Confidential Discovery Material or Highly Confidential Discovery Material under the terms of paragraph 5(a) or paragraph 6 of this Stipulation and Order from rendering advice to his or her client with respect to this action and, in the course thereof, from generally relying upon his or her examination of Confidential Discovery Material or Highly Confidential Discovery

Material. In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose the specific content of any Confidential Discovery Material or Highly Confidential Discovery Material of another person or party where such disclosure would not otherwise be permitted under the terms of this Stipulation and Order.

20. The inadvertent production of any privileged or otherwise protected or exempted information, as well as the inadvertent production of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege, the protection afforded to work product materials or the subject matter thereof, or the confidential nature of any such information. Upon receiving written notice from the Producing Party that privileged information and work product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to the Producing Party within two business days of receipt of such notice and the receiving party shall not use such information for any purpose until further Order of the Court. The party returning such material may then move the Court for an Order compelling the production of the material, but said motion shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production. Any analyses, memoranda or notes which were internally generated based upon such inadvertently produced information shall immediately be treated in conformance with the protected nature of the information.

The undersigned hereby stipulate to the above Order to be entered by the Court.

Dated: Nov. 29, 2005

Douglas F. Halijan
Taylor A. Cates
BURCH, PORTER & JOHNSON, PLLC
130 North Court Avenue
Memphis, Tennessee 38103
Telephone: (901) 524-5000
Facsimile: (901) 524-5024

Mark S. Bicks
Alfred N. Goodman
ROYLANCE, ABRAMS, BERDO &
GOODMAN, L.L.P.
1300 19th Street, N.W.
Suite 600
Washington, D.C. 20036
Telephone: (202) 659-9076
Facsimile: (202) 659-9344

Attorney for Defendant
HUBBELL INCORPORATED

Dated: Dec. 6, 2005

Oscar C. Carr, III (#4779)
GLANKER BROWN, PLLC
One Commerce Square, Suite 1700
Memphis, Tennessee 38103
Telephone: (901) 525-1322
Facsimile: (901) 535-2389

Charles R. Hoffmann
Salvatore J. Abbruzzese
Glenn T. Henneberger
HOFFMANN & BARON, LLP
6900 Jericho Turnpike
Syosset New York 11791
Telephone: (516) 822-3550
Facsimile: (516) 822-3582

Attorneys for Plaintiff
THOMAS & BETTS CORPORATION and
THOMAS & BETTS INTERNATIONAL, INC.

14

SO ORDERED this 9th day of December, 2005.

*[signature]*

UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 20 in case 2:05-CV-02267 was distributed by fax, mail, or direct printing on December 13, 2005 to the parties listed.

---

Mark S. Bicks
ROYLANCE ABRAMS BERDO & GOODMAN, LLP
1300 19th Street, N.W.
Ste. 600
Washington, DC 20036

Douglas F. Halijan
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Alfred N. Goodman
ROYLANCE ABRAMS BERDO & GOODMAN, LLP
1300 19th Street, N.W.
Ste. 600
Washington, DC 20036

Jeremy G. Alpert
GLANKLER BROWN
One Commerce Sq.
Ste. 1700
Memphis, TN 38103

Taylor Cates
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Oscar C. Carr
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT